IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

YARAHMEEL BEN-YEHUDAH PLAINTIFF

v. Case No. 6:25-cv-6072

UNITED STATES OF AMERICA DEFENDANT

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 25. Plaintiff objected to the R&R. ECF No. 26. The Court finds the matter ripe for consideration.

On July 1, 2025, Plaintiff, proceeding pro se, filed his initial Complaint in the Circuit Court of Garland County, Arkansas. ECF No. 3. On July 31, 2024, this action was removed to this Court pursuant to 28 U.S.C. § 1442. ECF No. 2. Plaintiff then filed his Amended Complaint, which is the operative pleading in this action. ECF No. 10. Plaintiff is a disabled veteran who suffers from autism spectrum disorder ("ASD"), post-traumatic stress disorder ("PTSD"), major depressive disorder, and neurological impairments stemming from a spinal cord injury.[1] Broadly, Plaintiff alleges that he sought post-operative care from a Department of Veterans Affairs ("VA") associated healthcare facility, the Hot Springs Community-Based Outpatient Clinic, beginning around December 26, 2023. Plaintiff then alleges that staff at that VA facility failed to provide disability accommodations for his ASD and PTSD to which he is entitled when receiving VA healthcare benefits. Plaintiff further alleges that the failure to provide him with the

[1] The Court derives this summary of the factual background from the allegations found throughout Plaintiff's Amended Complaint. ECF No. 10.

accommodations to which he is entitled resulted in VA staff putting unnecessary behavioral flags in his VA medical records, retaliating against him for issuing accommodation requests and grievances as a result of their failure, denying Plaintiff access to his medical records, and requiring Plaintiff to receive VA medical care at a different facility. Plaintiff brings nine claims seeking relief under either the Federal Tort Claims Act ("FTCA"), Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the Arkansas Civil Rights Act ("ACRA"), municipal liability under 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments, 29 U.S.C. § 794, the class-action provisions of Federal Rule of Civil Procedure 23, and VA regulations. ECF No. 10, at 17–30.

On January 1, 2026, Defendant United States of America (the "Government") filed a Motion to Dismiss and Brief in Support.[2] ECF Nos. 20 & 21. The Government first argues that the Court lacks subject matter jurisdiction over each of Plaintiff's claims pursuant to the Veteran's Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), *et seq*. ECF No. 21, at 3–4. The Government explains that all of Plaintiff's claims involve a challenge to his access to VA benefits and that the VJRA precludes this Court from hearing such claims. The Government then argues that Plaintiff failed to exhaust the mandatory administrative remedies for his Rehabilitation Act claims and FTCA claims. ECF No. 21, at 4–5. Lastly, the Government argues that regardless of subject matter jurisdiction, Plaintiff failed to sufficiently state any claim for relief. ECF No. 21, at 5–9.

On February 18, 2026, Judge Ford issued the instant R&R. ECF No. 25. First, Judge Ford determined that the VJRA bars each of Plaintiff's claims in this Court because addressing any

[2] Though Plaintiff initially named various VA staff as Defendants, the Court substituted the United States of America as the lone Defendant after removal. ECF No. 9.

claim would require evaluating whether VA staff provided Plaintiff the benefits to which he is entitled. ECF No. 25, at 6–8. Judge Ford then determined that Plaintiff failed to exhaust his administrative remedies for his Rehabilitation Act claims, his FTCA claims, and his claims regarding lack of due process. ECF No. 25, at 8–9. Judge Ford also determined that Plaintiff's claims seeking systemic relief on behalf of other veterans necessarily fails because a pro se plaintiff cannot represent the rights of others. ECF No. 25, at 9–10. Lastly, Judge Ford determined that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 16) is futile and should be denied because the proposed amendment (ECF No. 16-1) does not cure the Court's lack of subject matter jurisdiction over any of Plaintiff's claims. ECF No. 25, at 10. Therefore, Judge Ford recommended that the Government's Motion to Dismiss (ECF No. 20) be granted, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 16) be denied, and that Plaintiff's Amended Complaint (ECF No. 10) be dismissed. ECF No. 25, at 10.

Plaintiff filed timely objections to the R&R. ECF No. 26. First, Plaintiff disputes that the VJRA bars his claims because they variously allege discrimination or tortious conduct and do not require the Court to evaluate any benefits decision of VA personnel. ECF No. 26, at 1–3. Plaintiff also contends that he properly exhausted his administrative remedies for such claims, that any failure should be excused, or that any failure has been cured since filing this action. ECF No. 26, at 3–5. Plaintiff also requests that the Court disregard any language in his claims that demonstrate an intention to seek relief on behalf of others and allow those claims to proceed for his individual benefit. ECF No. 26, at 5. Plaintiff then requests that the Court grant his request to amend his complaint. ECF No. 26, at 5–6. The Court finds that these objections are sufficiently specific to require a de novo review of Judge Ford's R&R. See 28 U.S.C. § 636(b)(1).

Upon de novo review, the Court agrees with Judge Ford's conclusion that the VJRA bars the Court's consideration of any of Plaintiff's claims. The VJRA is found within 38 U.S.C. § 511(a). Jones v. United States, 727 F.3d 844, 847 (8th Cir. 2013). Under the VJRA, the "Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Eighth Circuit provides a helpful summary of the VJRA review process regarding veterans' benefits:

> In 1988, Congress enacted the VJRA to establish a framework for the adjudication of veterans' benefits claims. The process begins with the veteran filing a claim for benefits with a regional office of the Department of Veterans Affairs and includes several levels of appeal. The regional office decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a). If aggrieved, the claimant may then appeal to the Board of Veterans' Appeals (BVA). 38 U.S.C. § 7104. BVA decisions may be appealed to the Court of Appeals for Veterans Claims, to which Congress vested exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Claimants may appeal unsatisfactory decisions of the Court of Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction over such matters. 38 U.S.C. § 7292. Finally, a claimant may appeal to the Supreme Court. 38 U.S.C. § 7291.

Mehrkens v. Blank, 556 F.3d 865, 869 (8th Cir. 2009). Claims which implicate either a question of fact or law regarding "a decision affecting benefits" or "issues . . . necessary to a decision which affects benefits" are encompassed by the VJRA and subject to its exclusive appellate review scheme. Hicks v. Veterans Admin., 961 F.2d 1367, 1369–70 (8th Cir. 1992). The substance of a plaintiff's claims, rather than how they are labeled, determine whether the VJRA applies to the claims. Jones, 727 F.3d at 847. If a claim is one subject to the VJRA appellate review process, a court lacks subject matter jurisdiction to hear the claim outside of that process. Mehrkens, 556 F.3d at 870; Hicks, 961 F.2d at 1370.

The Court finds that Plaintiff's claims are subject to the VJRA. Whether focusing on VA staff's initial denial of disability accommodations or the conduct that followed, a throughline in Plaintiff's claims (ECF No. 10, at 17–30) is that each claim would ultimately require some determination regarding what disability accommodations Plaintiff was entitled to as part of his VA healthcare benefits or whether VA staff provided Plaintiff with such benefits. Because each of Plaintiff's claims involve the VA's handling of some form of benefit request and determining whether such handling was proper, his claims are subject to the VJRA and this Court does not have subject matter jurisdiction. See Jones, 727 F.3d at 848–50 (determining that claims functionally challenging the manner in which the VA handled a request for benefits were subject to the VJRA); Hicks, 961 F.2d at 1369–70 (determining that a constitutional retaliation claim rooted in a veteran's complaints regarding treatment by VA staff was subject to the VJRA); Mehrkens, 556 F.3d at 869–70 (determining that claims against VA staff for constitutional violations committed while handling a veteran's request for benefits were subject to the VJRA); and see Thomas v. Principi, 394 F.3d 970, 974–75 (D.C. Cir. 2005) (determining that FTCA claims alleging the VA failed to properly provide appropriate treatment was subject to the VJRA); Weaver v. United States, 98 F.3d 518, at 519–20 (10th Cir. 1996) (determining that claims alleging fraud and misrepresentation were subject to the VJRA because they fundamentally challenged the VA's handling of a benefits request); Zuspann v. Brown, 60 F.3d 1156, at 1159–60 (5th Cir. 1995) (determining that claims asserting violations of the Rehabilitation Act and the Fifth Amendment based on allegedly inadequate medical care were subject to the VJRA).

With Plaintiff's claims encompassed by the VJRA, this Court does not have subject matter jurisdiction over this action. Mehrkens, 556 F.3d at 870; Hicks, 961 F.2d at 1370. Because the

Court agrees with Judge Ford's first recommendation regarding subject matter jurisdiction under the VJRA, the Court finds it unnecessary to review or adopt the remainder of Judge Ford's recommendations as to Plaintiff's failure to exhaust his administrative remedies for some claims. Further, the Court agrees with Judge Ford that Plaintiff's proposed Second Amended Complaint (ECF No. 16-1) would not cure the lack of subject matter jurisdiction over Plaintiff's claims. Thus, the Court will not grant Plaintiff leave to file the Second Amended Complaint.

For the reasons stated above, the Court adopts Judge Ford's R&R (ECF No. 25) **in part**. Accordingly, the Government's Motion to Dismiss (ECF No. 20) is hereby **GRANTED**. Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED**, this 13th day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge